# Groff's Estate.

*Practice, O. C.—Lost record—Review—Opening decree.*

The discretion of the orphans' court in refusing to open a decree surcharging an executor, will not be reviewed by the appellate court where the ground of the application is the discovery of a paper of record which had been mislaid, and the contents of which would show that the surcharge should not have been made, if it appears that the accountant could easily have discovered the paper if he had made a proper search for it, that he was guilty of inexcusable delay after the decree in making the search, that he subjected the creditors of the estate to the expense and delay incident to an appeal to the Supreme Court, and that even if the decree were opened and the paper admitted, the balance charged against the accountant would not be materially reduced.

Argued Nov. 14, 1907. Appeal, No. 99, Oct. T., 1907, by defendants, from decree of O. C. Lancaster Co., April T., 1905, No. 22, refusing to open a decree In re Estate of Solomon C. Groff, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Petition to open a decree surcharging accountant.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was the decree of the court.

*B. F. Davis*, with him *J. W. Denlinger*, for appellants, cited: Young's App., 99 Pa. 74; Parker's App., 61 Pa. 478.

*W. U. Hensel*, with him *M. G. Schœffer*, for appellees.

OPINION BY RICE, P. J., April 20, 1908:

This is an appeal by Wayne I. Groff, one of the executors of the will of Solomon C. Groff, deceased, from an order dismissing a rule to show cause why the adjudication and decree touching the matters complained of in the petition of his attorney should not be opened, so that the executors could offer in evidence the original widow's appraisement and have the errors complained of corrected. We shall refer to this petition hereafter, but a recital, before doing so, of the proceedings in the settlement and distribution of the estate, which preceded its presentation, will aid to a correct understanding of the questions for decision.

Solomon C. Groff, the testator, died on December 18, 1898, and on January 18, 1899, the general inventory and appraisement of his estate were filed, which showed assets amounting to $6,219.45, made up of the following items: judgment note of Wayne I. Groff with interest, $3,500; mortgage, $2,600; deposit in bank, $119.45. The widow's appraisement was filed on the same day and confirmed nisi on February 20, 1899.

In August, 1900, the executors' first account, and in January, 1906, their final acount, were filed, to both of which exceptions were filed in due season. Amongst the items of credit excepted to were the following: April 1, 1899, paid Susan Groff, widow's exemption, $300; January 12, 1906, paid accountants, compensation, $175; January 12, 1906, paid accountants' claim, extraordinary labor and services rendered in said estate in the matter of litigation against it during six years past, to wit: $500. In due course the accounts and exceptions came on for adjudication and on March 16, 1906, the orphans' court entered a final decree sustaining the foregoing and other exceptions, overruling others, and adjudging the balance with which the accountants were chargeable to be $8,775.25.

On April 4, 1906, the executors, and on April 7, 1906, the assignee of one of the excepting creditors appealed from the decree to the Supreme Court, and on May 24, 1906, that court affirmed the decree upon the opinion of the orphans' court. A report of that case will be found in Groff's Estate, 215 Pa. 586.

The appellants' paper-book is incomplete, in that the docket

entries showing the proceedings prior to the application for the rule under consideration are not printed. But it is stated in appellee's book, and not denied by the appellant, that on November 19, 1906, a decree of distribution was made, that, exceptions thereto were argued and dismissed, that on February 18, 1907, this adjudication became absolute and an order to pay was made, and that from the final decree no appeal was taken.

On March 11, 1907, a paper purporting to be the petition of the attorneys of the executors, signed by the attorneys, and sworn to by one of them, was presented to the Supreme Court, alleging that on March 4, 1907, the widow's appraisement, which at the audit was alleged to have been mislaid, concealed or lost, was found, and praying the Supreme Court to open and amend its decree, "so that the accountants and executors can move the court below, and offer in evidence the original widow's appraisement and have the errors herein complained of corrected, or that your honors take such steps in the matter as may be deemed proper and just in the premises." An answer was filed by excepting creditors, and on April 3, 1907, the Supreme Court made an order refusing the prayer of the petition. This order was followed by the presentation to the orphans' court of the petition by which was instituted the particular proceeding now under consideration.

What decree did petitioner pray to have opened? The court in its opinion assumes that it was the decree of distribution only, and concludes that merely to open that would avail nothing to the petitioner, because the decree surcharging him would be left undisturbed. But a reference to the petition shows that the matter complained of was the disallowance of the three items of credit above referred to, and the prayer of the petition was that "the adjudication and decree touching the, matters herein complained of, in said Orphans' Court," be opened "so that the executors . . . . can offer in evidence the orignal widow's appraisement and have the errors complained of corrected, and in the meantime, grant a stay of proceedings in said court and take such other steps in the matter as may be deemed proper and just in the premises."

It would seem, therefore, that the prayer of the petition was intended, and though informal, was broad enough, to include such relief as the petitioner was entitled to.

The next question, in logical order, is as to the power of the orphans' court to open the decree, particularly after it had been affirmed by the Supreme Court, final decree of distribution had been made, and the Supreme Court refused to interfere. We pass that question for the present and proceed to consider whether, assuming that the orphans' court had the power, it was guilty of abuse of discretion in not exercising it.

It is claimed that if the paper containing the widow's appraisement had been before the court at the adjudication of the exceptions to the accounts, the reasons given by the court (see 215 Pa. 586) for disallowing the three credit items above referred to would be lacking. Even assuming this to be true, it surely would not preclude the court from adhering to its former decree, if upon reconsideration, it should conclude that it ought to be sustained for other valid reasons. In other words, the matter asked to be corrected is the decree, not the reasons given in support of it; therefore, if the introduction of the new evidence would not necessarily or probably change the result, the court was right in discharging the rule. One of the grounds upon which the learned judge below discharged the rule was that a fair readjustment would not be to the advantage of the accountants. We have felt warranted, therefore, in examining the accounts and the proceedings and evidence relating thereto, as set forth in the paper-books in the above appeal to the Supreme Court, a copy of which has been furnished to us by appellants' counsel. This is an informal mode of reviewing the questions for decision, but the appellants have no standing to complain of it, for, without the information gleaned from the Supreme Court paper-book thus furnished to us, the appellants' paper-book in the present appeal would be wholly inadequate to a proper determination of those questions. From such examination, in connection with the proceedings upon the rule to show cause, we are unable to reach a satisfactory conclusion that the balance charged against the accountants by the decree affirmed by the Supreme Court,

would be materially reduced if the decree were opened, the paper admitted in evidence, and the question of the balance chargeable against them reinvestigated. We need not go into an elaborate discussion of this question, for, even if it may be said to be in doubt, the opening of the decree was properly refused for an additional reason.

As early as September, 1900, the accountants knew from the exceptions filed that the $300 payment to the widow was objected to. They must also be presumed to have known the law, and, therefore, that they would be called upon at the audit to meet the question as to her right to take cash to be derived by them through the conversion of the personal estate, there being no cash on hand at the time of her demand, or, at least not sufficient cash, to satisfy it. See Hunt's Appeal, 100 Pa. 590. They knew further at the audit of the accounts that the credit claimed was objected to for the additional reason, that the orphans' court minute showed that "$300 worth of goods and chattels" were claimed and set apart to the widow, and therefore that the payment to her of $300 additional on account of her exemption claim was unauthorized. True, a clerk testified at the audit that he had made search for the original paper and could not find it, but the accountants made no inquiry of him as to the extent and nature of his search, they neither made nor caused to be made any search on their own account at that time, they offered no explanation of the apparent discrepancy between the credits claimed in their account and the orphans' court minute, and they made no effort to have that record amended. They had as full knowledge then as they have now of the fact that $300 worth of goods and chattels had not been set apart to the widow, and of the importance of either showing that the orphans' court minute was not correct or having it amended. And yet, seemingly content to rest the case upon that state of the record, they made no effort in any way to clear up the apparent discrepancy until after the first decree had been affirmed by the Supreme Court, and the decree had been made distributing the depleted and then insolvent estate among the creditors who had waited long for their dues, Having exhausted all other means to have the adjudication as

to these items changed, one of the executors then caused such a search to be made for the paper in the clerk's office, as ought to have been made in the first instance, and as a result the paper, although misplaced, was found without difficulty.

It is to be borne in mind that the petition neither avers error in matter of law apparent upon the face of the record, nor new matter which has arisen since the decree; therefore the opening or review of the decree could not be demanded as matter of right. But a review may be allowed as·a discretionary matter for new proof discovered after the decree, which, by reasonable diligence, could not have been found.nor used before. An application of the latter nature being addressed to the sound discretion of the court, unreasonable delay without excuse is a circumstance which cannot be ignored. Further, it ought to be shown that there is reasonable ground for believing that the result will be changed. By whatsoever name this proceeding before us may be called, it is governed by these principles. As has been seen, a year was allowed to elapse after the first decree before a search was made for the paper, and in the meantime the creditors were subjected to the expense and delay incident to an appeal to the Supreme Court. Apart from this inexcusable delay after the decree in making the search, the decree now assigned for error was fully justified by the fact that there was an utter failure to show that the fact relied on by the petitioner could not, by the exercise of reasonable diligence, have been discovered, and the evidence thereof produced, before the original decree.

The settlement of this estate has been long delayed, and the expense to which it has been subjected, whether wholly necessary and legitimate or not, has at least been extraordinary. It should not longer be delayed by the executors, and the distributees should not be subjected to still greater expense and to further diminution of their claims, unless valid reasons therefor exist and be clearly shown. No such case has been presented by the appellants as justly enables them to say that the discretion of the court below was not wisely exercised.

The decree is affirmed at the costs of Wayne I. Groff,.the appellant.